IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  08-00206-WS |
| | ) | |
| TARAS LA FRANCE EDWARDS, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

The defendant has filed a motion to suppress and a motion for leave to file out of time.  (Doc. 18-19).  On July 2, 2008, the order on arraignment informed the defendant that all pretrial motions must be filed by July 18, 2008.  (Doc. 13 at 1).  "Pretrial motions filed after this date **must** contain an explanation as to why they could not have been filed prior to" this date.  (*Id*. (emphasis in original)).  The same document set the case for jury selection on September 2, 2008 and for trial during the month of September.  (*Id*.).

The plaintiffs' motions were filed on the afternoon of Friday, August, 29, 2008, the last business day before jury selection.[1]  They were therefore filed 42 days after the deadline established in the order on arraignment.  Orders on arraignment in this district routinely set deadlines for pretrial motions approximately six weeks before jury selection, as counsel was necessarily aware from his experience as defense attorney in past cases.[2]

The defendant explains that he did not receive the search warrant and supporting affidavit, on which his motion to suppress is based, until July 28, 2008.  (Doc. 18 at 1).  The defendant does not explain his subsequent delay of 32 days in filing his motions, stating only that, at some point, he informed the government "that a motion to suppress

---

[1] Monday, September 1, 2008 was Labor Day, a federal holiday.  Due to Hurricane Gustav, jury selection was ultimately postponed.

[2] A review of CM/ECF discloses that he has served as counsel in 60 criminal cases since 2000.

was going to be filed." (*Id*.).

"The following must be raised before trial: ... a motion to suppress evidence ...." Fed. R. Crim. P. 12(b)(3). "The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions ...." *Id*. 12(c). "A party waives any Rule 12(b)(3) defense, objection or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." *Id*. 12(e). The Eleventh Circuit has repeatedly upheld the authority of trial courts to enforce the provisions of Rule 12. *E.g., United States v. Cox*, 2008 WL 2428242 at *1-2 (11th Cir. 2008); *United States v. Jones*, 241 Fed. Appx. 676, 677-78 (11th Cir. 2007); *United States v. Avery*, 205 Fed. Appx. 819, 824-25 (11th Cir. 2006); *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990); *United States v. Milan-Rodriguez*, 828 F.2d 679, 683 (11th Cir. 1987).

In *Milan-Rodriguez*, the grounds of the defendant's motion to dismiss existed over three months before the Rule 12(c) deadline, and the defendant was on plain notice of that deadline. Nevertheless, the defendant filed his motion some 49 days after the deadline and only a few days before trial. The Court held that these facts "demonstrate inexcusable delay and last-minute motion filing." 828 F.2d at 683. The defendant protested that he had become aware of the grounds only a few weeks before filing the motion to suppress, which the Court described as an "excuse [that] will not, and cannot, suffice in any orderly system of decisionmaking." *Id*. In short, "[a] defendant does not have good cause warranting relief from the waiver when he had all the information necessary to bring a [Rule] 12(b) motion before the date set for pretrial motions, but failed to file it by that date." *United States v. Milo*, 267 Fed. Appx. 916, 917 (11th Cir. 2008) (citing *United States v. Ramirez*, 324 F.3d 1225, 1228 n.8 (11th Cir. 2003)).

The defendant may have been unable to file his motion to suppress by July 18, but he has shown no reason he could not have filed it on or shortly after July 28, since by that date he had in his possession all the information on which the motion is based. Under the

authorities cited above, the unexplained failure to file a motion to suppress for a full month after acquiring all necessary information, long past the filing deadline and shortly before trial, negates good cause. Accordingly, the motion to suppress and the motion for leave to file out of time are **denied**.

DONE and ORDERED this 2nd day of September, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE