IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| vs.                                                      ) | CRIMINAL NO.  08-00206-WS |
| ) | |
| TARAS LA FRANCE EDWARDS,   ) | |
| ) | |
| **Defendant.**                             ) | |

**ORDER**

This matter is before the Court on the defendant's motion to reconsider.  (Doc. 21).  The defendant seeks reconsideration of the Court's order denying, on the grounds of untimeliness, the defendant's motion to suppress.  (Doc. 20).  As set forth in that order, the motion to suppress was filed 42 days after the deadline imposed by court order in accordance with Federal Rule of Criminal Procedure 12(c), and 32 days after the defendant received the search warrant and affidavit on which the motion to suppress is based.  While the deadline for filing such motions may be extended "[f]or good cause," *id*. 12(e),  "[a] defendant does not have good cause warranting relief from the waiver [imposed by Rule 12(e)] when he had all the information necessary to bring a [Rule] 12(b) motion before the date set for pretrial motions, but failed to file it by that date." *United States v. Milo*, 267 Fed. Appx. 916, 917 (11th Cir. 2008) (citing *United States v. Ramirez*, 324 F.3d 1225, 1228 n.8 (11th Cir. 2003)); *accord United States v. Searcy*, 2008 WL 2168743 at *1 (11th Cir. 2008).  While the defendant presumably had good cause for not filing the motion to suppress by the July 18 deadline, he failed to show good cause for not filing the motion promptly after receiving the necessary information on July 28.  Accordingly, the Court denied the motion to suppress.  (Doc. 20).

In the motion to reconsider, counsel for the defendant attempts to show good cause for his 32-day delay in filing the motion to suppress after receiving the affidavit and search warrant.  He argues the following: (1) he was forced to repeatedly contact the

government to obtain the missing documents; (2) after receiving the documents, he told the prosecutor he would file a motion to suppress; (3) he then advised the Magistrate Judge on August 5 that he intended to file such a motion; (4) he assumed that, since the original deadline had passed, there was no deadline for filing the motion; and (5) he was busy with other matters between July 28 and August 29.  None of these circumstances supports a determination of good cause.

The difficulty of obtaining the search warrant and affidavit was understandably frustrating, and the government's conduct is not commendable, but it concerns only the interval from July 18 to July 28, not the relevant period from July 28 to August 29.  The government's awareness of an impending motion to suppress may be relevant to any prejudice it might or might not experience from a tardy motion, but it does not address the issue of good cause.  Likewise, the Magistrate Judge's awareness that the defendant intended to file a motion to suppress is irrelevant, other than to show the defendant's apparent failure to request an extension of time to file such a motion.  *See United States v. Garcia*, 528 F.3d 481, 484 (7th Cir. 2008) (no good cause where the defendant never requested a new deadline).

The defendant's assumption that a motion to suppress could safely be filed at any point before trial was patently unreasonable, since the express language of Rule 12(e) provides that a motion to suppress is waived if not filed by the court-established deadline, absent good cause for the delay.  Rule 12(e) does not provide a defendant carte blanche to withhold a motion to suppress indefinitely just because he cannot file it by the deadline; if the defendant cannot file by the deadline, he must still file as soon as possible thereafter, i.e., when he obtains "the information necessary" to file such a motion.  *Milo*, 267 Fed. Appx. at 917; *see also United States v. Cathey*, 591 F.2d 268, 271 n.1 (5th Cir. 1979) (a Rule 12(b) motion raised at trial is timely if the defendant "made the motion at the earliest possible time").

Nor does the press of other business furnish good cause for a defendant's failure to

file a motion to suppress promptly after receiving the information necessary to do so.[1]  At any rate, the motion to reconsider does not disclose a schedule so busy that it precluded filing a motion to dismiss for a full five workweeks.  According to the motion to reconsider, counsel was in court 15-18 hours a week during that period, wrote a brief for the Alabama Court of Civil Appeals, and drafted a petition for writ of certiorari to the United States Supreme Court. This is a significant workload, but it does not explain the protracted failure to file a perfunctory, one-page motion to dismiss and a two-page memorandum that merely quotes the affidavit, recites the basic test of *Illinois v. Gates*, 496 U.S. 325 (1990), and insists the test is unmet — an effort that could not have required more than an hour or two.

    For the reasons set forth above, the motion to reconsider is **denied**.

    DONE and ORDERED this 5th day of September, 2008.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE

---

[1] *Cf. Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1569 (11th Cir. 1987) ("[T]he fact that counsel has a busy practice does not establish 'excusable neglect'" justifying an extension of time to file under Civil Rule 6(b)); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (applying same rule to a solo practitioner); *see generally M.R.K. Corp. v. United States*, 6 Cl. Ct. 544, 545 (Cl. Ct. 1984) ("The press of other business, unless unforeseeable or beyond counsel's control, is not adequate justification upon which to base an extension of the court's schedules.") (internal quotes omitted).