IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
v.                                  )        CRIMINAL NO. 08-00206-CG-N
                                    )        (Civil Action No. 09-00717-CG)
TARAS LAFRANCE EDWARDS,             )
                                    )
        Defendant.                  )

REPORT AND RECOMMENDATION

This action is before the Court on the motion (docs. 129, 133) filed by petitioner,

Taras LaFrance Edwards ("Edwards"), to vacate, set aside, or correct sentence under 28

U.S.C. § 2255.  This matter has been referred to the undersigned Magistrate Judge for

entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Upon

consideration of the petitioner's § 2255 motion, the Government's response in opposition

thereto (doc. 136) and petitioner's reply brief (doc. 145), as well as all other pertinent

portions of the record, it is the recommendation of the undersigned that the § 2255

motion be DENIED.

I.        BACKGROUND.

A.    Procedural History.

In Count One of a 4-count superseding indictment (doc. 6), Edwards was charged

with possession of approximately 59.7 grams of crack cocaine with intent to distribute in

violation of 18 U.S.C. § 841(b)(1)(A).  In Count Two, Edwards was charged  with

possession with intent to distribute approximately 194.4 grams of cocaine in violation of 18 U.S.C. § § 841 (a)(1).  In Count Three, Edwards was charged with possession of a Remington 12-gauge shotgun by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In Count Four, the United States sought forfeiture, pursuant to 21 U.S.C. § 853, of certain property alleged to have been derived from or used to facilitate the drug crimes alleged in Counts One and Two of the indictment.

On August 29, 2008, the day before jury selection, Edwards' counsel sought leave to file a motion to suppress out of time (docs. 18 and 19), which was denied (doc. 20). Edwards' subsequent motion for reconsideration (doc. 21) was also denied (doc. 24).  At the commencement of the jury selection proceedings on September 8, 2008, Edwards' first court appointed attorney made an oral motion to withdraw, which was granted by the Court (doc. 28).  New counsel was appointed and the case was continued until the October criminal trial term. (*Id*.).   Thereafter, the Court allowed Edwards to file a motion to suppress and held an evidentiary hearing (docs. 30-32).  Edwards' motion was denied for the reasons stated on the record at the conclusion of the evidentiary hearing (doc. 102 at 62-64).

On October 7, 2008, Edwards advised his attorney that he intended to represent himself at trial and his counsel then filed a notice of Edwards' intent regarding self-representation on October 9, 2008 (doc. 48).  Edwards' trial commenced on October 14, 2008 before a jury selected on September 29, 2008.  (Doc. 57).  The Court held a hearing outside the presence of the jury regarding Edwards' intent to serve as his own attorney, at

which Edwards waived his right to counsel. (*Id*.). The Court allowed Edwards' to proceed without counsel but directed his appointed counsel to remain in court as stand-by counsel. (*Id*.). During this hearing, the Court also granted the United States' motion (doc. 49) to dismiss Count Two of the Superseding Indictment. (*Id*.).

On October 15, 2008, following the parties' closing arguments and the Court's charge on the applicable law, the jury found Edwards' guilty on Counts One and Three. (*Id*.). The United States then presented additional evidence with regard to the forfeiture count (Count Four). (*Id*.). The jury found that the United States was entitled to the property sought to be forfeited, following which the jury was dismissed. (*Id*.). Edwards' indicated his desire to be represented by counsel at sentencing and the Court directed his appointed counsel to resume representation through sentencing and appeal proceedings. (*Id*.). Edwards was sentenced to a term of 300 months imprisonment as to count one, with a concurrent 120 month term as to count three, to be followed by a supervised release term of 10 years. (Doc. 76). Judgment was entered on February 13, 2009. (*Id*.).

Edwards was represented by counsel on direct appeal. (Docs. 77, 81-83, 88-90). After briefing by the parties, the United States Court of Appeals for the Eleventh Circuit issued a written unpublished opinion (doc. 124) affirming Edwards' conviction. Edwards raised the suppression claim on appeal, arguing that this Court erred in denying his motion because the state authorities exceeded the scope of the state search warrant when executing it. (*Id*.) In pertinent part, the opinion rendered the law of the case, as follows:

Here, Edwards does not dispute that the officers were authorized by the search warrant to look for firearms. Even assuming the officers had recovered a shotgun prior to opening the safe, it was permissible for them to continue to search for other firearms. *See* Jackson, 120 F.3d at 1229 ("Although [the officers] had located some cocaine in the bathroom, it was within the scope of the warrant to continue the search.).[1] Furthermore, the officers' search was not limited to large caliber weapons. Deputy Fitch specifically testified that he was searching for rifles and handguns alike because he could not ascertain what type of weapon had injured Reed's dog. Deputy Fitch believed the safe could have contained a small handgun and the district court agreed. Based on our review of the record, this factual finding is not clearly erroneous. The officers were therefore authorized to open the safe in their search for firearms and seize the cocaine and cash found inside. *See id.*; Gonzalez, 940 F.2d at 1420.[2]

(Doc. 124 at 10-11). The Eleventh Circuit's decision was issued as a mandate on September 25, 2009. (*Id*. at 3).

Edwards' § 2255 motion was filed on November 2, 2009 (doc. 129) and is, therefore, timely filed. Other than his direct appeal, and this habeas action, he has not previously filed any other post-conviction motions. *See* Rule 5(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("The answer [to a § 2255 motion] . . . must state whether the moving party has used any other federal remedies, including any prior post-conviction motions. . ."). Edwards remains incarcerated.

    B.    Habeas Petition.

---

[1] United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997).

[2] United States v. Gonzalez, 940 F.2d 1413, (11th Cir.), *cert. denied sub nom.*, 502 U.S. 1047 (1992).

In his § 2255 motion, Edwards asserts the following eight claims for relief: (1) "Conviction obtained by use of evidence gained pursuant [sic] to an unconstitutional search and seizure" (doc. 129 at 4); (2) "Denial of effective assistance of counsel at arraignment and plea" (*id.* at 6); (3) "Denial of effective assistance of counsel during pretrial [sic]" (*id.* at 7); (4) "Denial of effective assistance of counsel on appeal" (*id.* at 8); (5) "Denial of right of appeal" (*id*. at 9); (6) "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant" (*id*. at 10); (7) "Conviction obtained by a violation of the protection against Double Jeopardy" (*id*.); and (8) "Denial of right of due process" (*id*.).

The United States filed its opposition to Edwards' § 2255 motion on January 8, 2010 (doc. 136) arguing, in sum, that each of Edwards' claims are either procedurally defaulted or frivolous. Although Edwards filed his § 2255 motion *pro se*, he retained counsel thereafter, who filed a reply on August 13, 2010, arguing, in sum, that: Edwards' claims "are meritorious and must be taken seriously." (Doc. 145 at 1). In this reply, Edwards argues that: (1) this Court, despite the Eleventh Circuit's written opinion on the issue, should reconsider its ruling on Edward's motion to suppress; (2) Edwards deserves an evidentiary hearing to prove not only his unsupported allegations concerning trial counsel's alleged failure to communicate a plea offer but appellate counsel's alleged failure to communicate with the defendant and to raise on appeal the issue regarding the alleged plea offer; and (3) an evidentiary hearing is needed not only to resolve Edwards' contention that certain unspecified evidence was admitted at trial but to allow Edwards to

prove that he was prejudiced by not having been given a copy of a certified Lab Report

and two alleged police reports.

## II.    STATEMENT OF THE LAW

A.    <u>Habeas Standard</u>.

The limited scope of habeas relief is well established:

> Collateral relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *see also* <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." <u>Frady</u>, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. <u>United States v. Addonizio</u>, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings.  The appellate process does not permit reruns." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979).

<u>United States v. Evans</u>, 2008 WL 3200694 at *3 (S.D. Ala. 2008).  The Eleventh Circuit

Court of Appeals has explained the limited nature of habeas relief, in part, as follows:

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. *See, e.g.*, <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (collecting cases).[] Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, <u>Mills v. United States</u>, 36 F.3d 1052, 1055 (11th Cir.1994); [] and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of

> justice.' " <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir.1988)
> (*quoting* <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A
> Sep.1981)). Accordingly, a non-constitutional error that may justify
> reversal on direct appeal does not generally support a collateral attack on a
> final judgment, <u>Frady</u>, 456 U.S. at 165, 102 S.Ct. at 1593, unless the error
> (1) could not have been raised on direct appeal and (2) would, if condoned,
> result in a complete miscarriage of justice. <u>Stone v. Powell</u>, 428 U.S. 465,
> 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067 (1976).

<u>Lynn v. United States</u>, 365 F.3d 1225, 1232-33 (11th Cir. 2004)(internal footnotes

omitted).

      B.    <u>Procedural Default</u>.

      "Under the procedural default rule, a defendant generally must advance an

available challenge to a criminal conviction or sentence on direct appeal or else the

defendant is barred from presenting that claim in a § 2255 proceeding." <u>Lynn</u>, *supra*, 365

F.3d at 1234.  The Eleventh Circuit Court of Appeals has summarized the procedural

default principle as follows:

> Generally, if a challenge to a conviction or sentence is not made on direct
> appeal, it will be procedurally barred in a § 2255 challenge.  <u>Mills v. United
> States,</u> 36 F.3d 1052, 1055 (11th Cir. 1994). A defendant cannot overcome
> this procedural bar unless he can demonstrate a cause for this default and
> show actual prejudice suffered as a result of the alleged error. *Id*.  In the
> alternative, a defendant can also overcome the procedural bar created by the
> failure to appeal if he could show a fundamental miscarriage of justice; "in
> an extraordinary case, where a constitutional violation has probably
> resulted in the conviction of one who is actually innocent, a federal habeas
> court may grant the writ even in the absence of a showing of cause for
> the procedural default." *Id*. (*quoting* <u>Murray v. Carrier</u>, 477 U.S. 478, 496,
> 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

<u>United States v. Montano</u>, 398 F.3d 1276, 1279-80 (11th Cir. 2005).   The Eleventh

Circuit has also explained:

Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. *See, e.g.*, United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (collecting cases). [Footnote omitted]. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)[footnote omitted]; and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.' " Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (*quoting* United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)). Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, Frady, 456 U.S. at 165, 102 S.Ct. at 1593, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976).

Lynn, 365 F.3d at 1232-33.

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule[:]" (1) when the defendant shows "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error[;]" or (2) when the defendant shows that he is "actually innocent." *Id*. The procedural default rule is designed "to conserve judicial resources" and to promote "respect [for] the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504, (2003). Accordingly, any grounds raised here that could have been raised on appeal are procedurally defaulted unless [Edwards] can establish cause and prejudice excusing his default (or establish his actual innocence of the crime). 365 F. 3d at 1234 ( *citing* Bousley v. United States, 523 U.S. 614, 622 (1998)); United States v. Nyhuis, 211 F.3d

8

1340 (11th Cir.2000). However, claims of ineffective assistance of counsel fall outside of the procedural default rule and, in most cases, are properly raised for the first time in a habeas petition. *Id*. at 504; As the Supreme Court held in <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991), "[a]ttorney error short of ["constitutionally'] ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default." 499 U.S. at 494, *citing* <u>Murray v. Carrier</u>, 477 U.S. 478, 486-88 (1986). "Once the petitioner has established cause, he must show 'actual prejudice' resulting from the errors of which he complains." *Id*., *quoting* <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982).

C.      <u>Ineffective Assistance of Counsel</u>.

Edwards' ineffective assistance claims are governed by the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and its familiar two-fold analysis:

> To succeed on a claim of ineffective assistance, a habeas petitioner must satisfy both prongs of the test set out by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89, 104 S.Ct. at 2064-65. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064.

> Unless a petitioner satisfies the showings required on both prongs, relief is due to be denied. *Id.* As a result, once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been. *Id*. at 697, 104 S.Ct. at 2069 (A court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."); <u>Duren v. Hopper</u>, 161 F.3d 655, 660 (11th Cir.1998) ("if a defendant cannot satisfy the prejudice prong, the court need not

address the performance prong"). In this case we need not look beyond the prejudice prong.

> To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." <u>Gilreath v. Head</u>, 234 F.3d 547, 551 (11th Cir.2000) (alteration in original) (*quoting* <u>Strickland</u>, 466 U.S. at 693, 104 S.Ct. at 2067).

<u>United States v. Butcher</u>, 368 F.3d 1290, 1293-94 (11th Cir. 2004). *See also* <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000)(" The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable."). In making the performance determination, conduct must be evaluated from the attorney's perspective at the time in order to avoid the distorting effects of hindsight. <u>Strickland</u>, 466 U.S. at 689. As the Eleventh Circuit has more recently held:

> To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). An attorney's performance is deficient if he does not provide reasonably effective assistance. *Id.*, 104 S.Ct. at 2064. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. In evaluating an attorney's conduct, a court must avoid "the distorting effects of hindsight" and must "evaluate the conduct from counsel's perspective at the time." *Id.*, 104 S.Ct. at 2065.

<u>Payne v. United States,</u> 566 F.3d 1276, 1277 (11th Cir. 2009).

Once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been. Strickland, 466 U.S. at 697 (A court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong"). Given this exacting burden, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc). With this legal framework in mind, the court now turns to the specific issues raised by petitioner in his habeas motion.

## III.    ANALYSIS

A. <u>FIRST CLAIM</u>: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

Although Edwards' first claim is somewhat difficult to decipher, he clearly argues that he was denied a "full and fair hearing in the state courts." (Doc. 129 at 4)[3]. Edwards makes no contention that the hearing provided to him in this Court was insufficient to address the issue. Nor could he make such an argument in view of the Eleventh Circuit's decision affirming this Court's denial of Edwards' motion to suppress on the grounds that "[t]he officers were [] authorized to open the safe in their search for firearms and seize the cocaine and cash found inside." (Doc. 124).   Unless a claim alleges a lack of

---

[3] Edwards' present counsel concedes that "it is impossible for Edwards to address his concerns with the state court because . . . the state filed *nolle prosequi* on January 27, 2009." (Doc. 145 at 2).

jurisdiction or constitutional error, the scope of available collateral attack is extremely limited. Addonizio v. United States, 442 U.S. 178, 185 (1979). Thus, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.... A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." United States v. Addison, 2011 WL 1752946, *6 (S.D. Ala. Mar. 22, 2011), *quoting*, Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).[4]

Despite this well established preclusion against re-litigating an issue resolved on appeal, Edwards' present counsel argues that this Court should reconsider its denial of Edwards' motion to suppress. (Doc. 145 at 5). This argument is loosely predicated on the contention that "Edwards can easily overcome his procedural default [based on the alleged] ineffective assistance of appellate counsel on this ground." (*Id*. at 6). The procedural default rule discussed above applies to claims which were **not** raised on appeal. *See*, Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)(A challenge to a conviction or sentence which is not made on direct appeal will be procedurally barred in a § 2255 challenge). It is only to such claims which were **_never_** raised on direct appeal, that a defendant may attempt to establish cause and prejudice excusing his default (or establish his actual innocence of the crime). Lynn, 365 F.3d at 1232-33. Consequently,

---

[4] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Edwards is barred from re-litigating the issue concerning the constitutionality of the search conducted in this case and this Court's denial of his motion to suppress the crack cocaine and cash seized during that search.

The present assertion that "the ineffective assistance of appellate counsel" claim itself constitutes "cause" for Edwards' procedural default on his Fourth Amendment claim does not alter the result. *See* Doc 145 at 6. Neither Edwards nor his present counsel describes in what manner Edwards' appointed appellate counsel is alleged to have been ineffective on appeal under the governing standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).[5] Thus, Edwards, even under this scenario, has failed to meet his burden to overcome his procedural default on his first claim challenging the search and seizure at issue and the Court's denial of his motion to suppress.

 B. <u>SECOND CLAIM</u>: Denial of effective assistance of counsel at arraignment and plea.

The facts set out by Edwards in support of this claim fail to establish a viable claim. Edwards states as follows:

> During my first hearing in federal court my counsel was Mr. Moore[6], after I inform him on my ongoing State charges, by failing prejudiced to his client

---

[5] Although both Edwards and his present counsel assert that appellate counsel violated his ethical "obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution." (doc. 145 at 6, *citing* <u>Diaz v. United States</u>, 930 F.2d 832, 834 (11th Cir. 1991)), neither has established either that appellate counsel's performance was actually deficient or that this deficient performance prejudiced Edwards' appeal. *See*, <u>Payne v. United States</u>, 566 F.3d 1276, 1277 (11th Cir. 2009), *citing* <u>Strickland</u>, 466 U.S. at 687.

[6] Edwards' first appointed counsel was CJA Panel Attorney Larry Moorer, Esq. *See* Doc. 11.

and denied the effective assistance of counsel by not conduct a
investigation into competency to find out I was arrested on Drug
Trafficking, but went to a bond hearing in state courts and the charges was
move to possession charges, because it was no consent given at the time of
the search of the client primeses, he mention a plea agreement but never
told his client what it was and was ask again by Judge Steele but refuse to
in form the client of what they offered.

(Doc. 129 at 6). Edwards' present counsel agrees that Edwards' trial counsel had "no

control over a situation where an offense investigated by state or local law enforcement

authorities is referred to federal agents and federal prosecutors for prosecution in federal

court." (Doc. 145 at 6). Edwards' present counsel essentially argues trial counsel's

failure to communicate a government plea offer to Edwards establishes not only that his

trial counsel was ineffective based on this sole deficiency, but that his appellate counsel

was ineffective for not raising that issue on appeal. (*Id.* at 8-11, *citing*, *inter alia*, <u>Coulter</u>

<u>v. Herring</u>, 60 F.3d 1499 (11th Cir. 1995).

In <u>Coulter</u>, the Eleventh Circuit held that, pursuant to <u>Hill v. Lockhart</u>, 474 U.S.

52, 58 (1985), "the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty

pleas based on ineffective assistance of counsel." 60 F.3d at 1503-04. The Eleventh

Circuit described the application as follows:

> To succeed on such a claim, "the defendant must show that counsel's
> performance was deficient. This requires showing that counsel made errors
> so serious that counsel was not functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Strickland v. Washington</u>, 466 U.S.
> 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In addition, the
> defendant must establish that "counsel's constitutionally ineffective
> performance affected the outcome of the plea process." <u>Hill</u>, 474 U.S. at 59,
> 106 S.Ct. at 370. In other words, in this instance, Coulter "must show that

> there is a reasonable probability that, but for counsel's errors, he would ...
> have pleaded guilty and would [not] have insisted on going to trial." Hill,
> 474 U.S. at 59, 106 S.Ct. at 370.

60 F.3d at 1504. As applied to this case, Edwards has failed to establish either prong of the Strickland test and has certainly failed to prove deficient performance by the preponderance of the evidence burden which he bore. *See*, Gallo-Chamorro v. United States, 233 F.3d 1298, 1303 (11th Cir. 2000)("Defendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms'.")

A review of the transcript of the hearing conducted on September 8, 2008, reveals that Edwards' trial counsel did in fact communicate a plea offer to his client, and repeated it in open court before a Magistrate Judge. The following excerpt establishes this communication:

> MR. MOORER: . . .
>
> . . . He's in total disagreement with me on the way that I'm proceeding on the case.
>
> There was an offer made by the government in this case about dropping the gun charge. And I thought that was one of his main concerns, was the gun charge, a felon in possession of a firearm. I brought that to his attention this morning, that the government is willing to drop that. Because I thought that would make this go away.
>
> His version was that, well, that shouldn't be there in the first place because there is a state book that he read where the law says that even if he's a felon, he should have a right -- he would have a right to the gun. And I'm telling him I don't know of such a law. He thinks that I should know that law, but I don't know the law. Told him that since he's looking at 20, if they drop the gun charge -- and they're willing to drop the gun charge --

that he could work for the government and under 5K -- I tried to explain to him about a 5K -- to get his sentence reduced if he wanted to do that.

He said: "All you're doing to me, Moorer, you come to me telling me about the government and talking about deals, you're working for the government." And I'm trying to explain to him it's my job as attorney to notify him of these things as opposed to -- whether you accept them or don't accept them, if they make an offer, I'm supposed to let him know about these things.

. . .

. . .   I just don't feel like I can effectively represent him, especially since he's looking at 20 years, and maybe another lawyer can talk to him and explain things to him that might be something that would trigger something in him to see that the government has at least made an offer that he may want to consider. But with me he's not going to consider it, period, because he feels like I'm just working for the government and working against him.

(Doc. 106 at 7-8).   Edwards testified at this hearing that he understood that he was facing a potential sentence of 20 years if he went to trial.  (*Id*. at 11). Edwards also testified, when asked whether he was "offered a compromise by the United States in return for [a] plea of guilty and [his] cooperation," that "[h]e just offered – just said that if I cooperated – he didn't give me no certain amount or nothing."  (*Id*.)  Further, in response to the question "what do you understand the offer was by the United States if you plead guilty?", Edwards said that "[t]hey didn't give me no - - no certain amount of time."  (*Id*. at 12).  Thus, it is clear that an offer was presented to Edwards but that, because it did not specify the precise term of imprisonment and because Edwards firmly believed, *inter alia*, that he had committed no crime by his possession of a firearm, he preferred instead to replace his lawyer.

It is self evident that an offer by the United States to dismiss Count Three (felon in possession of a firearm) would have significantly reduced the length of Edwards' potential sentence. It is also self evident that any reduction in sentence sought by the United States would have been conditioned upon the nature of Edwards' cooperation, thus making it unlikely that any precise sentence could be negotiated prior to a guilty plea. The Rules of Criminal Procedure provide the sole mechanism used by the United States to seek reductions in sentence based on a defendants' "substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P. 35(b)(1). *See also*, U.S. Sentencing Guidelines Manual § 5K1.1 (2009).

Edwards' second claim is, therefore, without merit and does not support the habeas relief he seeks. The second claim must be denied.

C.    THIRD CLAIM: Denial of effective assistance of counsel during pretrial.

As was true with respect to his second claim, the facts set out by Edwards in support of this claim are incoherent and fail to establish a viable claim. Edwards states as follows:

> During pretrial my counsel was Mr. Andrew[7], the evidence was presented by U.S. Attorney George May with out the lab report, the counsel for defendant acted as a mere spectator, as of not objecting to the name of the

---

[7] The record reflects that CJA Panel Attorney Andrew Jones, Esq., was appointed by the court to represent petitioner in this matter after Mr. Moorer was allowed to withdraw. *See* Doc. 27

> drug. By failing to conducting a competency investigation for or get the
> motion for discovery and request for production of state courts evidence,
> such as the state court proceedings. The police report was the same as the
> one I received from my first counsel.

(Doc. 129 at 7). Edwards present counsel contends that "Edwards' claim is that evidence

that was not made available to his trial attorney, but later showed-up at trial in the

government's case-in-chief." (Doc. 145 at 11-12). Neither Edwards nor his habeas

counsel ever refers to any "evidence" other than a Lab Report given to Edwards which

was not certified and to "two police Reports from the Choctaw County Sheriff's

Department . . . which were never produced." (*Id*. at 12; Doc. 129 at 7).

With respect to the Lab Report, Edwards' habeas counsel argues that "Edwards

needed a copy of a certified Lab Report so that he might be able to challenge its findings

with an independent drug laboratory Report for his defense to counter the government."

(Doc. 145 at 12). The United States introduced into evidence, as its Exhibit 10, an

Alabama Department of Forensic Sciences Certificate of Analysis which was in all

respects identical to the lab report given to Edwards except for the certification by the

witness, Mary Burns, and the notary. (Doc. 104 at 169 and 179). Ms. Burns was the

forensic scientist who conducted the toxicology examination on the cocaine base at issue

in this case. (*Id*. at 159-69). Ms. Burns compared the certified lab report with the

uncertified copy in Edwards' possession and testified that:

> "[Edwards'] copy is slightly different. It doesn't have the date that it was
> notarized or the notary. But it does have - - it does appear to have the same
> information on it."

(*Id*. at 179).  Edwards does not contend that it was error for the Court to admit into evidence the toxicology report certified by the Alabama Department of Forensic Sciences. Moreover, Edwards has failed to establish any prejudice by his possession of an uncertified as opposed to certified copy of the toxicology report.  In addition, Edwards has failed to establish any justification for an independent drug analysis.

With respect to the police reports which Edwards contends he requested his attorney to obtain, but that "the government failed to comply with these requests" (doc. 145 at 12), there is no contention that these purported documents were admitted into evidence in this case and no description of their purported contents.  Edwards has not only failed to establish that these documents were even in the possession of the United States, but has also failed to show that his defense was prejudiced by the alleged inability of his counsel to obtain them.

To the extent that Edwards meant to complain about his first or second appointed counsel's failure to object to the introduction of the certified lab report or failure to file a motion to compel production of the police reports or any other document related to his state court criminal case, he has failed to establish a legitimate basis upon which his counsel could have done so.  Consequently, Edwards' third claim of ineffective assistance of counsel during the pretrial is without merit and does not support the habeas relief he seeks.  Accordingly, the third claim is due to be denied.

D.    FOURTH and FIFTH CLAIMS: Denial of effective assistance of counsel
        on appeal and denial of a right of appeal.

Edwards fourth and fifth claims are related and both involve a claim for habeas relief based on the alleged ineffectiveness of appellate counsel. Edwards describes the ineffectiveness in his third claim as follows:

> There was no communication between counsel and client [sic], and a conflict of interest on the appeal. I ask him several times to come visit me at Perry County Corrections Center to consult with me with the trail [sic] transcripts, but after the conversation with him telling me as being his client [sic], that I had no rights and he did not have to have my permission to go ahead with my appeal without my permission.

(Doc. 129 at 8). As to the fourth claim, Edwards describes the claim only as follows:

> I was given the right to appeal my sentence at the same time my original appeal, but I never heard anything from it. My counsel was ask in front of the courts, wish I would have got it done then.

(*Id*. at 9). Edwards' habeas counsel augments Edwards' contentions by arguing that this claim is predicated solely on appellate counsel's failure to argue on appeal the issue concerning trial counsel's alleged failure to communicate a plea offer to Edwards. As stated above with respect to Edwards' second claim alleging ineffectiveness of trial counsel, there is no basis for the contention that Edwards' first appointed counsel, Mr. Moorer, did not communicate the plea offered by the United States. Consequently, for the same reasons as stated above, there is no basis for asserting that appellate counsel's performance was deficient for failing to raise that issue on direct appeal, even if the claim was even cognizable on direct appeal.[8]   In addition, Edwards' habeas counsel concedes

---

[8] *See*, <u>United States v. Maggert</u>, 2011 WL 2119693, n. 3 (11th Cir. May 31, 2011)(citing  United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002)(explaining that generally we do not consider (Continued)

that this record does not contain any indication that either Edwards' trial or appellate counsel was ineffective.  According to Edwards' reply brief:  "Without a hearing and the expansion of the record, it is virtually impossible to determine whether Edwards' trial counsel's performance was deficient and if Edwards' was prejudiced by his attorney's deficiency."  (Doc. 145 at 11).  It is, however, "[t]he burden is on the petitioner ... to establish the need for an evidentiary hearing."  Chavez v. Secretary Florida Dept. of Corrections, 2011 WL 2990060,  *2, (11th Cir. July 25, 2011), *quoting* Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc); *see also* Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("We emphasize that the burden is on the petitioner in a habeas corpus proceeding to allege sufficient facts to support the grant of an evidentiary hearing and that this court will not blindly accept speculative and inconcrete claims as the basis upon which a hearing will be ordered." (quotation marks omitted)).  Consequently, Edwards has admitted that he cannot meet his burden to show that either his trial or appellate counsel "performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment" or that "seriously deficient performance of his attorney prejudiced the defense."  United States v. Butcher, 368 F.3d 1290, 1293-94 (11th Cir. 2004), *citing* Strickland, 466 U.S. at 687-89.

-----

ineffective assistance of counsel claims on direct appeal where the district court did not address the claim and develop the factual record).

Consequently, Edwards' fourth claim of ineffective assistance of appellate counsel and fifth claim of denial of a right to appeal do not support the habeas relief he seeks. The fourth and the fifth claims must therefore be denied.

E.    SIXTH CLAIM. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

Edwards' sixth claim involves the same documents at issue in Edwards' third claim, namely, the toxicology report and two police reports from the Choctaw County Sheriff's Department. The sixth claim is only distinguishable from his third claim by the identity of the alleged perpetrator. In his third claim, Edwards asserts the wrong against his counsel while in this sixth claim, it is asserted against the Assistant United States Attorney George May. However, as stated previously, the Lab Report produced to Edwards was identical in every respect to the certified report entered into evidence except that it was not notarized, and therefore not a "certified" copy. Edwards does not contend that it was error for the Court to admit into evidence the toxicology report certified by the Alabama Department of Forensic Sciences. Nor has Edwards established any prejudice by his possession of an uncertified as opposed to certified copy of the toxicology report. In addition, Edwards has failed to establish any justification for an independent drug analysis.

With respect to the police reports which Edwards contends "the government failed to comply with these requests" (doc. 145 at 12), Edwards has failed to establish that they were ever in the possession of the United States or that his defense was in any specific

manner prejudiced by the alleged inability of his counsel to obtain them. These reports were never admitted into evidence and Edwards has proffered no description of their purported contents.

Consequently, Edwards' sixth claim involving the prosecutor's alleged failure to disclose evidence is without merit and does not support the habeas relief he seeks. The sixth claim must be denied.


      F.    <u>SEVENTH CLAIM.</u>  Conviction obtained by violation of protection against double jeopardy.

The substance of this claim is that Edwards was being prosecuted in both the state and federal courts "for the same offense" and that his federal case was being prosecuted before he had "exhausted my state charges." (Doc. 129 at 10). Edwards further argues that he "was never afforded an opportunity for a full and fair hearing in my state cliam [sic] in state courts." (*Id*.). However, Edwards' habeas counsel concedes that this claim is without merit because "being prosecuted separately in state and federal court does not violate the Constitution." (Doc. 145 at 12). *See also*, <u>Abbate v. United States</u>, 359 U.S. 187, 189-96 (1959) (held that a defendant's prior conviction in state court did not bar a subsequent federal prosecution for the same conduct). In addition, Edwards' habeas counsel concedes that the state charges against Edwards are not being further prosecuted by the state. (Doc. 145 at 12) Consequently, Edwards' seventh claim of double jeopardy does not support the habeas relief and must be denied.

G.     <u>EIGHTH CLAIM</u>.  Denial of a right to due process.

Edwards' last claim does not involve any proceedings in this Court but, instead, complains about proceedings in the state court.  Specifically, Edwards complains that:

> The state court conducted a hearing, the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing in state court, the state record that supports the state findings, was never put before the federal court, and must have been made a part of the federal record.

(Doc. 129 at 10).  Any failure on the part of the state court to provide a full and fair hearing in the state court case which is no longer being prosecuted cannot be remedied by this Court, as conceded by Edwards' habeas counsel.  (Doc. 145 at 2: "Unfortunately, it is impossible for Edwards to address his concerns with the state court because after the federal government took over Edwards' case, the state filed nolle prosequi on January 27, 2009.")

Edwards has also proffered what he contends are "copies of the Defendant State court proceedings" and then argues that "[t]he evidence presented in state Court Proceedings was never put as a part of the Federal Court record."  (Doc. 129-1).  Neither Edwards nor his habeas counsel identifies what "evidence" they are referring to or describes how this unidentified evidence or any part of the state court records is relevant to the federal case.  Edwards has also failed to establish how any hearing in state court could be binding on the United States, which was not a party to the state court action.  There is no contention by Edwards or his counsel that he did not receive a full and fair

hearing in this Court.   Consequently,  Edwards' last claim of denial of due process does not support the habeas relief and must be denied.

## IV.    EVIDENTIARY HEARING

The undersigned has carefully reviewed the record and concludes that no evidentiary hearing is required in this action.  Schriro v. Landrigan, 550 U.S. 465,  474 (2007)("if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").   Edwards has not alleged sufficient facts to require an evidentiary hearing.  Chavez, *supra*, 2011 WL 2990060 at *2 ("[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing."), *citing*,  Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 763 (11th Cir.2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, Allen is not entitled to an evidentiary hearing."); Porter v. Wainwright, 805 F.2d 930, 933 (11th Cir.1986) ("While the district court is required to conduct an evidentiary hearing in certain circumstances, such a hearing is not required unless the petitioner alleges facts which, if proved, would entitle him to federal habeas relief.").  *See also*,  Chandler v. McDonough, 471 F.3d 1360, 1362-63 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2269 (2007).  It is also clear that the pertinent facts of the case are fully developed in the record before the Court.  Schriro,  550 U.S. at 475 ("the District Court was well within its discretion to determine that, even with the benefit of an evidentiary hearing, [habeas petitioner] could not develop a factual record that would entitle him to habeas relief.").

Edwards' claims are affirmatively contradicted by the record and are due to be denied as a matter of law.

Edwards is also not entitled to an evidentiary hearing because his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); *see also* San Martin v. McNeil, 633 F.3d 1257, 1271 (11th Cir. 2011) (" 'An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics.' ") (*quoting* Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006)); Boyd v. Allen, 592 F.3d 1274, 1306–07 (11th Cir. 2010) ("On this scant record, we cannot say that Boyd's allegations amount to anything more than the merely conclusory, nor that the district court has abused its considerable discretion in failing to hold a hearing on his claim." (citations omitted));  Lynn v. United States, 365 F.3d 1225, 1239 (11th Cir.)(district court not required to hold evidentiary hearing when affidavits "amount to nothing more than mere conclusory allegations."), *cert. denied*, 534 U.S. 891 (2004).  "[I]f the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous, a district court is not require to hold an evidentiary hearing." United States v. Bejacmar, 217 Fed.Appx. 919, 921 (11th Cir. 2007), *citing* Aron v. United States, 291 F.3d 708, 715(11th Cir. 2002).

## V.    CERTIFICATE OF APPEALABILITY/IN *FORMA PAUPERIS*

Pursuant to the changes to Rule 11 of the Rules Governing Section 2255 Proceedings which became effective December 1, 2009, the court addresses the appealability of the recommended denial of plaintiff's habeas petition.  "A [COA] may issue only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2).  To make such a showing, a defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

The issues Edwards has raised in his motion are not sufficiently substantial to justify the issuance of a certificate of appeal.  Edwards' claims of ineffective assistance of counsel are precluded by Supreme Court opinions.  The undersigned has independently determined that each of Edwards' ineffective assistance of counsel claims fails to satisfy Strickland.  Edwards has failed to establish that he received ineffective assistance of counsel either at trial or on appeal.   Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in denying the instant § 2255 motion or that Edwards should be allowed to proceed further.  *See e.g.* United States v. Bailey, 245 Fed.Appx. 768, 771 (10th Cir. 2007)(held that District Court's rejection of ineffective assistance claims in a § 2255 motion was not reasonably

debatable among jurists as required for the issuance of a certificate of appealability) (*citing* <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(Claims are deserving of a certificate of appealability only is "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Edwards' § 2255 motion should be denied; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought in forma pauperis. An appeal may not be taken in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); <u>DeSantis v. United Techs, Corp.</u>, 15 F.Supp.2d 1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed in forma pauperis is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir.1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for

appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought in forma pauperis.

CONCLUSION

For the reasons stated above, it is recommended that Edwards' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be **DENIED** and that no Certificate of Appealability should issue and thus that no appeal of such a ruling may be brought *in forma pauperis.*

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 9th day of August, 2011.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. §  636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. ' 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation@ within [fourteen] days[9] after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. §  1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this  9<u>th</u>  day of August, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[9] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).