IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-0206-CG-N |
| | ) |
| TARAS LAFRANCE EDWARDS, | ) |
| | ) |
| Defendant | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant, Taras Lafrance Edwards' ("Edwards") Motion for Relief under Section 404 of the First Step Act (Doc. 189)[1], the United States response (Doc. 192), Edwards' reply (Doc. 193), and Edwards' addendum (Doc. 194), and Motion to Speak[2] (Doc. 195). Upon consideration and for the reasons set forth below, Edwards' motion is GRANTED.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2008, Edwards was indicted on one count of possession with intent to distribute more than 59.7 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One), one count of possession with intent to distribute 194.4 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two), and one count for forfeiture pursuant to 21 U.S.C. § 853 (Count Three). (Doc. 1). On June 26, 2008, a Superseding Indictment was filed adding a charge for being a felon in possession of

---

[1] Edwards' initial motion (Doc. 188) was superseded by the instant motion (Doc. 189).
[2] This Court interprets Motion to Speak as a motion for a ruling and motion for immediate release.

a firearm, in violation of 18 U.S.C. 922(g)(1) (Count Three)[3]. On October 15, 2008, after a trial by jury, Edwards was found guilty of Counts One and Three. (Doc. 54).

According to the Presentence Investigation Report ("PSR"), the testimony at trial established that Edwards was involved with 815.08 grams of cocaine and therefore, Edwards' base offense level under U.S.S.G. § 2D1.1 was 34. (Doc. 69). Edwards was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice for lying while on the stand at trial. (*Id.*) As a result, Edwards' total offense level was 38. (*Id.*) His criminal history category was II. (*Id.*) An offense level of 38 with a criminal history category of II produced a guidelines range of 262 to 327 months imprisonment. (*Id.*) Count One additionally carried a mandatory minimum sentence of ten years imprisonment plus an enhancement pursuant to § 851 resulting in a mandatory minimum of 20 years. On February 13, 2009, Edwards was sentenced to 300 months' imprisonment on Count One and 120 months' imprisonment on Count Three to be served concurrently. (Doc. 76). Edwards' conviction was affirmed on appeal in September 2009. (Doc. 124).

Prior to the instant motion, Edwards filed a motion for a reduction of sentence. (Doc. 176). The motion was granted which resulted in Edwards' sentence being reduced to 240 months. (Doc. 186). Edwards has now filed the instant motion seeking a reduction pursuant to § 404 of the First Step Act of 2018. (Doc. 189). The Government has responded in opposition (Doc. 192) and Edwards has replied (Doc.

---

[3] Counts One and Two remained unchanged and the forfeiture count became Count IV.

193). Edwards has additionally filed a supplement to his motion (Doc. 194) and a motion for a ruling and for immediate release (Doc. 195).

## DISCUSSION

Edwards contends he is eligible for a reduction of his sentence under § 404 of the First Step Act of 2018 ("FSA").

In relevant part, the Act sets forth as follows:

> (b) Defendants Previously Sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221. The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) & (B) and replaced the 5 grams or more threshold with 28 grams or more, and the 50 grams or more threshold with 280 grams or more.

Edwards' motion relies on the indictment in his case to establish his eligibility for a reduction under the FSA. Edwards asserts that if he were sentenced today, he would be subject to the penalties under § 841(a)(1)(B) of five years to 40 years imprisonment plus his enhancement pursuant to 21 U.S.C. 851, making his post FSA statutory minimum ten years. (Doc. 189 at 9; PageID.1408; Doc. 194). Edwards further contends that applying the relevant section of the Fair Sentencing Act as if it had been in effect at the time of his sentencing reduces his base offense level to 24. (Doc. 194). Considering the previously applied four level increases for

Edwards' possession of a weapon and for obstruction of justice, Edwards asserts his new total offense level is 28 with an accompanying sentencing guideline range of 84 to 108 months' imprisonment. (*Id.*) He also acknowledges he remains subject to a mandatory minimum of ten years based on his § 851 enhancement. As a result, Edwards requests this Court order an updated presentence report to recalculate his sentencing guidelines, to conduct a hearing to consider the relevant statutory sentencing factors under 18 U.S.C. § 3553(a), and to impose a reduced sentence under the FSA's current statutory penalties of ten years, which entitles Edwards to immediate release because he has already served 141 months. (Docs 189, 194, and 195).

The United States argues that the Court should look to the facts underlying Edwards' conviction as set forth in the PSR and as acknowledged at Edwards' sentencing hearing to determine what Edwards' eligibility for a reduction of sentence under the Fair Sentencing Act. (Doc. 137). As such, the Government contends that because Edwards' was responsible for at least 500 grams of crack cocaine, an amount which exceeds the current threshold of 280 grams for the penalties in 21 U.S.C. § 841(b)(1)(A), he is not eligible for a reduction of sentence under the FSA. (Doc. 137). Moreover, the Government asserts that even if Edwards is eligible for a reduction, this Court should deny the requested relief. (*Id.*) The Government also asserts that should this Court find Edwards eligible for a reduction and decide to reduce his sentence, a second sentencing hearing is not warranted. (*Id.*)

> As an initial matter, Edwards is not entitled to a *de novo* resentencing.
>
> To determine whether Defendant is entitled to a full resentencing, the Court begins, as it must, with the statutory language. *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) (citing Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000)). The Court must construe a criminal statute narrowly and according to its plain meaning, and where "the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). […] Section 404(b) of the First Step Act of 2018, the Court "may impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (emphasis added). […] Nothing in the plain language of either section states, or even suggests, that the Court conduct a full resentencing "applying current, applicable law," or the law in effect when the Fair Sentencing Act took effect, as Defendant requests this Court to do. (Memo. at 9; Reply at 6.)

*United States v. Glover*, 377 F.Supp.3d 1346, 1356-57 (S.D. Fla. May 1, 2019). As such, Edwards' request to conduct a second sentencing hearing is denied.

However, the Court finds the Government's position regarding eligibility is not compelling for two reasons. First, when determining the statutory penalty for an offense, the Court looks to the offense charged in the indictment, not the quantity for which the defendant is held responsible in a PSR or at sentencing. Second, a PSR establishes a factual basis for a sentence and includes an amount of controlled substance for which a defendant is responsible for purposes of relevant conduct, i.e., for purposes of determining the guidelines. The PSR cannot amend the indictment.

As succinctly stated in United States v. *Pierre*, 372 F.Supp.3d 17, *22, 2019 WL 1495123, *5 (D.R.I. Apr. 5, 2019):

> The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.
>
> The Government's approach, while reasonable, is problematic in several ways. First, it effectively requires the Court to employ a prosecutor-friendly "way-back machine" to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect.

*United States v. Pierre*, 2019 WL 1495123 at *5.

The undersigned also finds persuasive *United States v. Davis*, No. 4:92-cr-04013-WS-CAS (N.D. Fla. Mar. 6, 2019), ECF No.2245, wherein the district court explained as follows:

> Congress could have directed district courts to do what the government suggests. Instead, in the First Step Act, Congress authorized district courts to reduce the sentence of a defendant "as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." First Step Act,§ 404(b). If section 2 of the Fair Sentencing Act had been in effect when Davis's covered offense was committed, this court would have been obliged to inform Davis at arraignment that he was facing a five-to-forty-year statutory penalty range, not a ten-year-to-life range. Congress did not direct district courts to consider, and this court declines to consider, what the government might have charged had the Fair Sentencing Act been in effect when Davis's offense was committed.

The Court finds that Edwards' crack cocaine offense constitutes a "covered offense" under § 404(a)[4] of the First Step Act and that none of the limitations of §

---

[4] "(a) Definition of Covered Offense. In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

404(c)[5] apply. Therefore, the Court has the authority to resentence Edwards "as if" the Fair Sentencing Act's lower threshold quantities for sentences had been in place when he was sentenced.[6]

If sentenced today, instead of being subject to the mandatory penalties under § 841(a)(1)(A) of a mandatory ten years plus the § 851 enhancement of a mandatory twenty years, Edwards would be subject to the penalties under § 841(a)(1)(B) of five years to 40 years imprisonment plus the enhancement making his post FSA statutory minimum ten years and his statutory maximum 40 years. However, the Court disagrees with Edwards' calculation of his revised sentencing guideline range. Applying the relevant section of the Fair Sentencing Act as if it had been in effect at the time of Edwards' sentencing reduces his base offense level to 30 and a criminal history category of II. Considering the previously applied level increases for Edward's possession of a weapon and obstruction of justice, the revised calculation under the sentencing guidelines yields a total offense level of 34[7] and a criminal

---

[5] "(c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

[6] The Court notes that the First Step Act of 2018 does not mandate resentencing of eligible defendants. Section 404(c) states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

[7] This offense level takes into account Amendments 782 and 789 (which reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table); and 750 and 759 (which reduced offense levels for certain quantities of crack to correspond to the Fair Sentencing Act). It appears to be the majority view among courts that have addressed the issue, that upon resentencing the Court should incorporate all of the applicable retroactive guideline amendments. *See United States v. Clarke*, No. 3:04-CR-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) ("The Government asserts that 'the Court should not reexamine any guideline issues determined at sentencing other than those

history category of II. As a result, if sentenced today, Edwards' sentencing guidelines range would be 168 to 210 months' imprisonment. Edwards current sentence of 240 months is well within the statutory penalties for his offense. However, 240 months exceeds the guideline range and because this Court finds the guideline range to be reasonable, Edwards' sentence should be reduced.

In reaching this decision, the Court has considered relevant portions of the docket including the presentence investigation report and Edwards' conduct during incarceration. Specifically, the Court notes that Edwards is a drug user and a dealer of crack cocaine. Although Edwards asserts he has no history of violence, the PSR reflects one previous instance of assault and another instance of firing into an occupied dwelling. (Doc. 69). The Court also notes Edwards' conduct while incarcerated. According to Edwards, while incarcerated he completed over 950 hours of educational and self-rehabilitation courses that will help him seek post incarceration employment and decrease his chances of recidivism. (Doc. 194). Lastly, the record reflects that during his incarceration, Edwards has had only five disciplinary infractions, none of which involved violence. (*Id*. at 4; PageID.1478).

Based on the relevant considerations before this Court, a reduction of

---

directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments.' "); *United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (applying the drug quantity guidelines in effect now); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted.");*United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("As recalculated, Davis is now a total offense level 33 and criminal history category II....");*United States v. Dodd*, No. 3:03-CR-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("Defendant's Sentencing Guidelines range has also changed."

Edwards' sentence is warranted. The Court finds that the guidelines are reasonable and a because Edwards' current sentence of 240 months exceeds the guidelines of 168 to 210 months, Edwards sentence is hereby reduced to 210 months.

**DONE** and **ORDERED** this 1st day of May, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE